ABRAHAM JEWELL, (in review,) *versus* SAMUEL C. GAGE.

The jury having by misapprehension found a verdict for $317,46 damages, when by the evidence the plaintiff was entitled to recover no more than $150 : — *Held*, that a new trial must be granted, unless the excess and interest thereon from the date of the writ, be remitted by the original plaintiff.

ON MOTION FOR NEW TRIAL from *Nisi Prius*, SHEPLEY, C. J., presiding.

This was a writ of review. The cause was tried at the March term, 1855, and the jury returned a verdict that the plaintiff in review did promise in manner and form as the said Gage in his original writ had declared against him. The plaintiff in review, then filed a motion for a new trial, on the ground that the verdict was against the evidence and the weight of evidence. The facts in the case are sufficiently stated in the opinion of the Court.

*Paine*, for plaintiff in review.

*Bradbury & Morrill*, for defendant.

APPLETON, J.— It seems that on February 15th, 1850, Jordan Golder, being indebted to Gage, the defendant in review, but the plaintiff in the original action, mortgaged to him all his "logs now lying in the boom of Abraham Jewell," and further agreed that said Jewell might "saw into boards the aforesaid logs, and sell and dispose of the boards manufactured from said logs, and pay over the proceeds thereof to said Gage." In accordance with this agreement, Jewell manufactured the logs entrusted to his care, and the original action was brought for their proceeds.

Previous to this mortgage, Golder had purchased three several lots of logs, portions of which were then in the boom. When Foster & Spaulding sold their logs, which constituted one of the lots, they reserved a lien thereon for the purchase money, which still remains in part unpaid. For these logs, or their proceeds, Gage can have no claim. His right to recover is for the proceeds of the other lots remaining in the pond at the time of the mortgage.

The case is presented upon a motion for a new trial as against evidence. The verdict was for the sum of $317,46. At the largest estimate of the witnesses called by the original plaintiff, there were not more than ten thousand feet of one and five thousand feet of the other lot, in which he could have any interest. The value of those logs is not estimated at more than ten dollars per thousand feet. Regarding the evidence of the plaintiff as entirely correct, which the jury had a right to do, he was not entitled to recover more than $150.

A new trial is to be granted, unless the original plaintiff will remit the excess above the sum of $150 and interest from the date of the writ.

TENNEY, C. J., and RICE, J., concurred.