McDERMOTT, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*April 12 — May 2, 1893.*

*Damages for personal injuries: Inadequacy: Evidence: Discretion.*

1. To justify interference with a verdict awarding damages for personal injuries on the ground that such damages are inadequate, it must appear that they are so grossly disproportionate to the injuries that in awarding them the jury must have been influenced by a perverted judgment.

2. In determining the question of the inadequacy of the damages it will be assumed that the jury found every fact going to mitigate or reduce the damages which they could properly find from the proofs.

3. An award of $1,000 in this case for serious injuries, which, however, the jury might have found not to be permanent, is not disturbed as inadequate.

4. In an action to recover for personal injuries, the refusal to permit plaintiff, after the close of defendant's testimony, to show by mortality tables the probable length of her life, was within the sound discretion of the court.

APPEAL from the Circuit Court for *Milwaukee* County.

This is an action to recover damages for personal injuries received by plaintiff when alighting from the cars of the defendant railway company in the city of Milwaukee, which injury it is alleged was caused by the negligence of the railway company and its employees. The case was here on a former appeal, and the circumstances of the injury will be found sufficiently stated in 82 Wis. 246. On that appeal a judgment for plaintiff for $3,000 was reversed for error, and a new trial awarded. The case has again been tried, and the trial resulted in a general verdict for plaintiff for

$1,000 damages. Plaintiff moved to set aside the verdict for alleged errors in certain rulings of the court on the trial, and for inadequacy of damages. The court denied the motion, and judgment was entered for plaintiff pursuant to the verdict. Plaintiff appeals from the judgment.

For the appellant there was a brief by *Elliott & Hickox*, and oral argument by *C. F. Hickox.*

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *F. C. Winkler.*

LYON, C. J. 1. As to the alleged inadequacy of damages, the rule was laid down by this court in *Robinson v. Waupaca*, 77 Wis. 544, and is the law of this case, that " to justify the interference of the court with the verdict it must appear from the testimony that the damages awarded are so grossly disproportionate to the injury that in awarding them the jury must have been influenced by a perverted judgment." Does the testimony in this case justify the court in holding that this verdict was thus influenced?

The testimony is to the effect that plaintiff was quite seriously injured. Some of her ribs were fractured, and one of her hips injured. She was laid up for several weeks by reason of her injuries, and doubtless suffered much pain. The broken ribs have healed, but after three years she still walks somewhat lame, and complains of pain. Her health seems impaired. She testified that she also received an internal injury from which she still suffers, but declined to tell what it was. The surgeons who examined her hip a few months before the trial could find no fracture or cause for her continued lameness and pain, and concluded that the hip joint was injured. The surgeon who attended her after she was injured was the only one examined as a witness on the trial. He testified that on the first trial he expressed the opinion that the plaintiff would probably

recover, but because she had not recovered at the time of the last trial, three years after she was injured, he was inclined to think the injury to the hip was permanent.

As was said in *Robinson v. Waupaca*, 77 Wis. 544, in the consideration of the question of the alleged inadequacy of damages " we must assume that the jury found every fact going to mitigate or reduce the damages which they could properly find from the proofs." While the jury could not be permitted under the testimony to find that the plaintiff was not quite seriously injured, yet we do not think they were bound by the testimony to find that such injuries are permanent. The proof of the nature and extent thereof is not so specific and conclusive as to force such a finding; and, had there been a special finding that the evidence fails to prove that probably she will not recover, we do not think such finding could properly be disturbed. Were this action against an individual, the amount of the verdict, although moderate, would not necessarily impress the mind as being so entirely disproportioned to the injury as to force the conviction that it is the result of perverted judgment. It is scarcely necessary to say that the right of the case is not affected by the fact that the defendant is a corporation — perhaps a rich one. The learned circuit judge failed to detect the presence of any improper influence affecting the verdict, else he would have set it aside; and a careful perusal of the record discloses no evidence of the existence of any such influence, other than the mere fact of the moderate amount of the verdict. Had the jury been hostile to the plaintiff, and sufficiently corrupt to render a false verdict, they could easily have held her guilty of contributory negligence, thus entirely defeating her action, and probably no court could say the finding was unsupported by evidence. We find ourselves unable to say that the jury failed to exercise honest, intelligent judgment in assessing plaintiff's damages at $1,000.

2. There is but a single ruling of the court affecting the question of damages to which plaintiff has preserved an exception. At the close of the defendant's testimony plaintiff's counsel offered to prove the probable length of life of plaintiff by the tables of mortality in use by insurance companies, to wit, the Actuaries', American, Carlisle, and Northampton tables. The court rejected the same as being offered out of order, and as being of doubtful value to the jury. We think it was within the sound discretion of the court, at that stage of the trial, to admit or reject the offered testimony. The observation of the judge concerning the doubtful value of such testimony was fully justified by what was said on that subject by this court in *Berrinkott v. Traphagen,* 39 Wis. 219.

*By the Court.*— The judgment of the circuit court is affirmed.