JOHN HALL, Appellant, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, Appellee.

Personal injury: DAMAGES: INADEQUACY. In a personal injury action involving physical and mental suffering, or impairment of health, strength and earning capacity, whether permanent or temporary, the damages are to be based on the theory of compensation, and the amount assessed by the jury will not be disturbed because excessive or inadequate, unless a just and intelligent mind is forced to the conclusion that the jury has either failed to comprehend the case or has been influenced by passion or prejudice; and where the trial court has denied a mo-

tion for new trial on the ground of inadequacy of the verdict, the appellate court will be less apt to disturb the same than it otherwise would be.

**Physical and mental pain:** INSTRUCTIONS. Where plaintiff demanded compensation for physical and mental pain and the court so charged, an instruction directing the jury in assessing the damages to consider the personal injury suffered, the pain already suffered, or which might be suffered in the future, was not objectionable as restricting recovery to physical pain only, in the absence of any request for further instruction on the subject; as the word pain·is broad enough to include both physical and mental suffering.

**Same:** LOSS OF TIME: DAMAGES: IMPAIRMENT OF EARNING CAPACITY: INSTRUCTION. An instruction that the jury should give the plaintiff such an amount as would compensate him for the injury received, and could consider the personal injury suffered, the pain suffered or which might be suffered in the future, the expenses for medical attendance, and if prior to the injury he was earning his living in part by manual labor and was thereby incapacitated in whole or in part from performing manual labor and earning a living, such fact should be considered, was not objectionable, as failing to allow compensation for loss of time and impairment of capacity to earn money in his business, and as permitting the jury to assess compensation for permanent injury only; for the term "injury received" fairly comprehended all injuries sustained.

*Appeal from Union District Court.*—HON. H. K. EVANS, Judge.

FRIDAY, OCTOBER 22, 1909.

REHEARING DENIED SATURDAY, JANUARY 11, 1910.

ACTION to recover damages for personal injury. There was a judgment for plaintiff for $3,000, and he appeals. —*Affirmed.*

*Maxwell & Maxwell, W. E. Miller,* and *Matthew Gerig,* for appellant.

*W. D. Eaton, D. W. Higbee, M. L. Temple, P. C. Winter,* and *Sullivan & Lee,* for appellee.

WEAVER, J.—For the purposes of this appeal the negligence of the defendant, the resulting injury to plaintiff, and his right to recover therefor may be conceded. His contention is that the amount awarded him by the jury is grossly inadequate, and that errors prejudicial to his case occurred upon the trial, entitling him to have the verdict set aside and a new trial awarded.

That plaintiff who was a man sixty-two years of age and successfully engaged in business enterprises of importance, was seriously injured is not denied. His injury was occasioned by being caught and crushed between a moving car and a platform or other structure standing close to the railway track. His ribs on the left side, from the second to the ninth, inclusive, were so broken and severed that the ends of some of the fragments were dropped or moved out of their proper alignment and overlapped, in which abnormal position they have become fixed. There were indications that the lung had been punctured by one of the broken bones; that the breast bone and shoulder blade were fractured, and that he was in general badly crushed and bruised. He suffered great pain, and required much attention and care from surgeons, nurses, and members of his family. The injury was received at Pepin, Wis., on March 3, 1906, and plaintiff remained there confined to his hotel until April 4, 1906, when he returned to his home at Creston, Iowa. During this period of thirty-one days he was not in bed much of the time, as he could not rest in a recumbent position on account of the character of his injuries. After a few days he could leave his chair and walk about with the assistance of his attendants. He did not entirely relinquish the control and management of his business, and before leaving Pepin employed a stenographer, through whom he conducted his correspondence. The question as to the extent of his permanent injury and the impairment of his capacity for labor and business, as well as the pain and suffering to which he is still subject,

is a matter upon which there is no agreement of the parties or concession by the defendant. It is the theory of the latter that soon after the return of the plaintiff from Pepin he recovered, and still enjoys, a substantially normal degree of health, strength, and business capacity, and that the present suffering and inconvenience of which he testifies are largely simulated. In support of this theory there was some evidence, both expert and nonexpert. .

It will be seen from the foregoing statement that the ultimate material question on which the jury was called to pass was the amount of plaintiff's recovery, and upon this appeal we have only to inquire, first whether the damages so awarded are so manifestly inadequate that the ends of justice require a new trial; and, second, if such manifest inadequacy does not appear, then we have further to consider whether error prejudicial to the plaintiff is shown in the rulings or instructions of the court.

I. Damages for personal injury involving physical and mental suffering or impairment of health, strength, or earning capacity, whether such conditions be of permanent or temporary character, are based upon the theory of compensation, and as there is not, and can not well be, any fixed, definite, or unvarying standard by which such compensation may be measured with mathematical precision, the amount to be assessed in any given case is a matter for the jury alone to determine in the exercise of its sound and impartial discretion. True, the jury is not wholly uncontrolled, and the verdict returned may under some circumstances be set aside because of its palpable injustice. But the mere fact that the amount assessed is more or less than the court would have been disposed to allow were the case submitted without a jury is not controlling, and will not justify the setting aside of the verdict. To call for such action the amount allowed must be so great and excessive, or so small and inadequate, that the just and intelligent mind is forced to

1. PERSONAL INJURY: damages: inadequacy.

the conclusion that the jury has failed to comprehend the
case as submitted, or has been influenced to its verdict
by passion or prejudice.  *Palmer v. R. R. Co.,* 124 Iowa,
424, and cases there cited.  Three thousand dollars is not
a merely nominal recovery, and in our judgment can not
be said to be so manifestly inadequate as to call for our
interference.

As has already been suggested, the amount may be
less than the court would have allowed had it been
called upon to make the assessment, and a verdict for
a much larger sum might readily have been sustained
as not excessive, yet when we have given the defendant
the benefit of the most favorable inferences to be drawn
from the record (as we are bound to do in consider-
ing this phase of the case), it can not be said that
the sum actually awarded is so out of proportion to
the injury suffered as to shock the conscience and point in-
evitably to the conclusion that the jury were misled by ig-
norance, passion, or prejudice.  This is especially true in
view of the fact that the learned trial court which saw the
plaintiff and the witnesses produced on the trial and heard
their testimony refused to set aside the verdict.  Had it
sustained the motion and ordered a new trial because of
the inadequacy of the verdict, the case would wear a differ-
ent aspect.  *Ward v. Light Co., 132* Iowa, 578; *Tathwell
v. Cedar Rapids,* 122 Iowa, 50.  As bearing upon the gen-
eral subject here discussed, see *Mfg. Co. v. Smith,* 9 Pick.
(Mass.) 12; *McGowan v. R. R. Co.,* 20 R. I. 264 (38 Atl.
497); *McDermott v. R. R. Co.,* 85 Wis. 102 (55 N. W.
179); *Robinson v. Waupaca,* 77 Wis. 544 (46 N. W. 809).

II.  In his petition the plaintiff claims damages
among other things, for the physical and
mental suffering resulting to him from his
injuries.  In its instructions upon the meas-
ure of recovery the court used the following language:

2. PHYSICAL
AND MENTAL
PAIN:
instructions.

In ascertaining the plaintiff's damages, you should give him such amount as would fairly and reasonably compensate him for the injury received. And you have a right to take into consideration the personal injury suffered, the pain already suffered, or which you find he may suffer in the future in consequence of such injury, his expense incurred for nursing, medical attendance, and medicine, and if the jury find from the evidence that the injury of plaintiff is permanent, that prior to the injury he was capable of earning, and did earn, his living in part by manual labor, and that said injury had in whole or in part incapacitated him from performing manual labor, and earning his living, then you may take such facts into consideration in determining plaintiff's damages.

This instruction is claimed to be erroneous to the prejudice of plaintiff, because the jury was thereby restricted in its allowance of damages for pain and suffering to such as was of a physical character only. While this paragraph of the charge might well have been more explicit in its statement in respect to the matter complained of, we are disposed to hold that under the circumstances of this case it contains no error calling for a reversal. The jury is told that the plaintiff is entitled to such amount as would fairly and reasonably compensate him for the injury received. This is, of course, a fair statement of the general legal principle by which the assessment of damages was to be governed. The court had already told the jury that plaintiff was demanding compensation for his pain and suffering, both physical and mental. Evidence bearing upon both phases had been offered and admitted, and when the court said that plaintiff would be entitled to compensation for "the pain already suffered, or which you find he may suffer in the future in consequence of such injury," it is hardly reasonable to believe that the jury understood this direction to have reference only to physical pain as distinguished from mental suffering. To say the least, the word "pain" as used by

the court is broad enough to include both physical and
mental suffering; and, if plaintiff believed that the atten-
tion of the jury should have been specially directed to the
latter aspect of his claim, it was open to him to request an
instruction in that form.  No request was made, and it is
unnecessary for us to say what would have been our hold-
ing if an instruction such as plaintiff now contends should
have been given, had been asked and refused.

III.  Further objection is made to the same instruc-
tion because it fails to state that plaintiff was entitled to
recover compensation for loss of time, and for the im-
pairment of his capacity to earn money in
his business.  It is also objected that the
effect of the instruction given is to permit
the jury to assess compensation for plain-
tiff's permanent injury only, and not for all
his injuries both permanent and temporary, and by omit-
ting any reference to his alleged loss of earnings and profits
as the manager and superintendent of his business affairs
the jury was in effect limited to awarding him compensa-
tion for the injury to his capacity to earn money by
manual labor.  As already suggested in the preceding para-
graph of this opinion, the instruction is not as full and
explicit as it might well have been made, and doubtless
would have been made had either party requested it, but
when fairly read with reasonable attention to the whole
record, we think it not open to the assignment of error
which counsel make against it.  The court very evidently
meant to embody the governing rule of the case in the gen-
eral direction already quoted that plaintiff should be given
reasonable compensation "for the injury received."  The
expression "injury received" is not limited, but fairly com-
prehends all injury sustained by the plaintiff on account
of the defendant's negligence.  The jury is then told
that in making this assessment it has the right to "take
into consideration" certain named facts and circumstances

3. SAME: loss
of time:
damages:
impairment
of earning
capacity:
instruction.

as developed by the testimony. It is evident that the court refers to these specific phases of the plaintiff's case by way of illustration and suggestion as to the nature of the inquiry to be made, and not as an exhaustive list of all the matters which the jury could properly consider, in reaching its verdict. It would be an impeachment of the intelligence of the jury to concede the possibility of its construing the court's instruction into a direction which makes the plaintiff's right to recovery, dependant upon the permanent character of his injury, or limits such recovery to damages for the impairment or loss of his capacity to earn money by manual labor. See *Greenway v. Taylor County,* 144 Iowa, 332. Upon the whole record the case appears to have been fairly treated, and no reversible error has been shown.

The judgment of the district court is therefore *affirmed.*