AUGUST SCHMIDT, Appellee, v. ARTHUR MEHAN, Appellant.

**Assault and battery:** EVIDENCE: SUBMISSION OF ISSUES. In this action
1  for assault and battery, the evidence is reviewed and held to require
submission of the question of the character and nature of the
assault.

**Same:** EXCESSIVE VERDICT: NEW TRIAL. A verdict may be so excessive
2  as to indicate passion and prejudice, and to authorize a new trial
for that reason; but it does not necessarily follow that a new trial
should be granted because the verdict is excessive. Thus where
an excessive verdict for assault and battery was reduced by the trial
court, the defendant was not entitled to a new trial.

*Appeal from Ida District Court.*—HON. M. E. HUTCHINSON,
Judge.

THURSDAY, NOVEMBER 5, 1914.

THIS was an action to recover a balance of $77.46 for
labor performed for appellant. A second count sought to re-
cover damages for assault and battery. Trial to a jury, which
returned a verdict for $577.46. The trial court ruled that the
verdict was excessive, and required plaintiff to remit $200 or
submit to a new trial. Plaintiff remitted, and judgment was
entered for $377.46. Defendant appeals.—*Affirmed.*

*J. C. Walter,* for appellant.

*George H. Clark,* for appellee.

PRESTON, J.—No question is made as to the recovery on
the first count for wages, and that the amount due for that
was $77.46. Two points are argued: First, that the verdict
is not sustained by the evidence; and, second, that the damages

were excessive, and that such fact evinces passion and preju-
dice on the part of the jury, because of which a new trial
should be granted.

The parties had some words about the manner in which
plaintiff handled the team, and plaintiff told defendant to pay
him off as soon as they got home. Defendant contends that
plaintiff was at fault for the alleged assault

**1. ASSAULT AND
BATTERY: evi-
dence: submis-
sion of issues.** and battery. But mere words do not justify
an assault. The evidence introduced on be-
half of plaintiff is that, when plaintiff told defendant to pay
him off, defendant took hold of plaintiff's shoulders and choked
him, and then put both hands around his neck and lifted him
off the ground, and that defendant hit plaintiff once on his
left side. He says:

I couldn't hear for five hours, and my head was ringing
and blowing for the next three or four days. Then I started
home. I went across the field to Anderson's place. I was
sick. I did not rest much that night. On Sunday I was in
Ida Grove. My head was aching and blowing. It was just
ringing. I couldn't hear right. My face hurt me. It was
swollen. On Sunday I went to the lawyer, and then I went
to the doctor. He examined me, and I paid him a dollar. I
lost two days' work, worth $2 a day and board.

Other witnesses testified as to the appearance of plaintiff
after the difficulty. Another witness says defendant told him
that on account of plaintiff's breaking up some machinery,
and because he was going to quit, there was a sore feeling
between them. This is denied by defendant. Defendant tes-
tified:

I·did not take hold of plaintiff's neck with either hand
and choke him, and I did not touch his neck with either hand.
I did not strike the plaintiff in his face with either hand. I
took hold of him by both his arms and shook him a little.
Then I let him go, and plaintiff ran across the field.

He also testifies that before this trouble plaintiff com-
plained about his hearing and that his ears bothered him some-

· times. Defendant is corroborated by his wife as to plaintiff's
hearing. Witness Hepner, a brother-in-law of defendant, who
was present at the altercation, says he did not see defendant
take hold of plaintiff. He says he was fifteen feet away, and
the horses were between him and the parties. Two witnesses
in rebuttal say plaintiff's hearing was good prior to the trouble.

Clearly there was such a conflict in the evidence as to
make it a question for the jury. The verdict has ample sup-
port. Plaintiff was not seriously hurt. The amount of dam-
ages was thought by the trial court to be excessive. The court
was on the ground, saw the parties and the witnesses, and was
in a position to judge the matter, and we think properly re-
quired a reduction in the amount assessed.

But it is said by appellant that, because the verdict was
found to be excessive, it indicates passion and prejudice on
the part of the jury, and that, therefore, a new trial should
be granted. He cites: *Saunders v. Mullen,*
66 Iowa, 728; *Sadley v. Bean,* 38 Iowa, 684.
The damages may be so excessive as to evince
prejudice and warrant a new trial. This depends somewhat
upon the evidence in the case. In the *Saunders* case it was
said: ··

2. Same: exces-
sive verdict:
new trial.

When the actual damages are so small, the amount
allowed as exemplary damages should not be so large. It
evinces, we think, prejudice on the part of the jury, caused
in this case, no doubt, by the arbitrary conduct of the defend-
ant, and the total disregard of the ordinary requirements and
conduct due from any person to his unfortunate debtor, and
which we have no doubt was intensified in the minds of the
jurors because the plaintiff was a woman, who seems, under
the trying circumstances, to have acted with great prudence
and discretion. Still we cannot but think the punishment too
great. The amount of punitive damages that may be given
in any case rests largely in the discretion of the jury. But
such discretion is not unlimited. A court, and especially an
appellate tribunal, should not interfere in such cases unless
the conclusion is irresistible that the amount allowed is so
great as to evince prejudice on the part of the jury.

But it does not necessarily follow, because the damages are held to be excessive, that a new trial should be granted. *Doran v. Railway,* 117 Iowa, 442; *Knowlton v. Light Co.,* 117 Iowa, 451. An excessive verdict reduced, merely shows, in the opinion of the court, that the evidence did not authorize a verdict for so large an amount as that fixed by the jury. *Baxter v. Cedar Rapids,* 103 Iowa, 599. There is nothing in the instant case calculated to arouse the sympathies or passions of the jurors. The trial court was of opinion that the jury had allowed too much, and reduced it.

There was no error, and the judgment is—*Affirmed.*

LADD, C. J., and EVANS and WEAVER, JJ., concur.