IDEAL CREAM SEPARATOR REPAIR WORKS, Appellant, v. CITY OF DES MOINES, Appellee.

**New trial:** INADEQUACY OF DAMAGES. Although a verdict for damages may not be as large as the evidence would warrant, or as large as

the appellate court would award were it the triers of the facts, still if held not so inadequate by the trial court as to justify a new trial the appellate court will not order another trial for that reason. Thus where plaintiff sued for damages to its leasehold interests in real property because of a change in the street grade, and plaintiff's evidence was of large damage while that of defendant was that no damage ensued but rather that the change was a benefit, the jury was at liberty to say which of the witnesses were correct, and upon such a record a new trial will not be ordered. because of a finding of slight damage, in the absence of anything indicating prejudice and passion.

*Appeal from Polk District Court.*—HON. CHARLES S. BRADSHAW, Judge.

SATURDAY, NOVEMBER 28, 1914.

THIS action was brought by plaintiff to recover damages resulting from the change of the established grade in front of plaintiff's premises on East Locust street, in the defendant city. There was a trial to a jury, resulting in a verdict and judgment for plaintiff for $150. Plaintiff appeals.—*Affirmed.*

*Brown & Missildine,* for appellant.

*H. W. Byers, R. O. Brennan,* and *Eskil C. Carlson,* for appellee.

PRESTON, J.—It is contended by appellant that the damages awarded by the jury are inadequate; that under the evidence the damages sustained were shown to be an amount greatly in excess of the amount allowed; and that, for that reason, a new trial should be had. This is the sole question in the case. The matter was presented to the trial court by a motion for new trial and overruled. We have, then, the judgment of the jurors upon a matter peculiarly within their discretion; also the opinion of the trial court that the amount fixed by the jury was not, under the evidence, so inadequate as to justify a new trial. This being so, the question now is whether, conceding that, in our opinion, the verdict should have been for a

larger sum, we should interfere. We may say that we would
be better satisfied had the verdict been for a larger amount.
But we did not see and hear the witnesses. It would not do to
say that the appellate court will set aside every verdict which
does not coincide with our notion as to what the amount should
be. To do so would be to assume that we are the triers of fact,
and that the discretion in fixing the amount belongs to the
court, rather than the jury. The same rule applies as where
the verdict is excessive. If it is clearly excessive, under the
evidence, the court may require a remittitur, or grant a new
trial.

The damages sought to be recovered are to plaintiff's
leasehold interest in real estate. The testimony as to damages
consisted of opinions of witnesses upon the questions of values,
and in which there was a conflict. The witnesses for plaintiff
fixed the damages at a larger amount than that allowed by the
jury, while witnesses for defendant testified that there was no
damage, but that, on the contrary, the raising of the grade and
replacing the old pavement with new was a benefit to plaintiff.

Plaintiff alleged that after it entered into the lease the
defendant city passed an ordinance raising the grade of the
street in front of its premises; that because thereof the light
was partially cut off from plaintiff's property; that water
flows from the street into the premises, and dust and dirt blow
into the building; that it is necessary to go down several steps
to get from the street to the floor of plaintiff's premises; that
plaintiff rented the premises with the intention of running an
automobile repair shop, but was unable to use them for that
purpose; that plaintiff spent a large sum of money to raise
the floor of the building and constructing steps—and asked
for $5,000 damages. The defendant admitted that it caused
a change to be made in the grade of the street, but denies that
any damage resulted to the plaintiff, and alleges that the
change resulted in benefit to said property far in excess of any
damages thereto.

We deem it unnecessary to review the evidence. It is enough to say that plaintiff's witnesses, or some of them, placed the damages at $25 per month for the unexpired term of the lease, which would make about $1,600. On the other hand, witnesses for defendant testified that the value of the leasehold interest was the same after the change of grade as it was before. Other witnesses testified to circumstances tending to show the raising of the grade and replacing the worn-out pavement with new, on the theory, we take it, that the increased traffic over the street by reason of the improvement would be likely to increase the patronage of plaintiff's establishment. One witness says that traffic has trebled since the change of grade. Other witnesses testify that the traffic had increased three or four times on account of the change. Another says that he should think the traffic was many times greater since the grade was changed. It was for the jury to say which of the witnesses it would believe. It is true that no particular witness testified that the damage which would be suffered by the plaintiff would amount to $150, and yet the testimony of the various witnesses was based upon particular altered conditions. The jury could properly use its own judgment in connection with the evidence. *Hoyt v. Railway*, 117 Iowa, 296, 301; *Converse v. Morse*, 149 Iowa, 454, 456.

From what we have said, it is clear that the jury was within the evidence in fixing the amount of the verdict, and there is nothing in the case to indicate passion or prejudice of the jury. It must necessarily depend upon the circumstances of each case whether the verdict is inadequate.

Thus, in *Phillips v. London, etc., R. Co.*, 5 Q. B. Div. 78 (29 Moak, 177), a verdict for £7,000 for injuries sustained by the plaintiff through the negligence of the defendant was set aside as inadequate, on the ground that the jury must have omitted to take into consideration some of the elements of damage. The plaintiff, who was a physician in the prime of life, having a practice worth £6,000 or £7,000 per annum, was reduced by the injury to a condition of "powerless helpless-

ness, with every enjoyment of life destroyed, and with the prospect of a speedy death.''

In the case of The *William Branfoot*, 52 Fed. 390 (3 C. C. A. 155), $2,300 was held not inadequate for the loss of a person's legs; while in *Hobson v. New Mexico, etc., R. Co.*, 2 Ariz. 171 (11 Pac. 545), $15,000 was held not excessive for the loss of legs.

In *Whitney v. City of Milwaukee*, 65 Wis. 409 (27 N. W. 39), plaintiff was quite seriously injured by a fall on a sidewalk. The verdict was for $24.27. The court said:

The verdict of the jury was for the plaintiff, and they assessed his damages, all told, consisting of the cost of medical attendance and other expenses of cure, lost time, and pain and suffering, at precisely $24.27. . . . The costs taxed, as appears by bill among the papers, are $30.47, so that the result of the trial was that the plaintiff was just $6.20, besides his attorney's fees, worse off than he was before it took place. This verdict on its face is perverse. If the jury were warranted in finding for the plaintiff on the evidence, and we think they were, then he was entitled to recover a very much larger sum in damages. It is quite obvious that this verdict, so particular and precise even to a cent, was either the result of an unlawful and unseemly compromise or of prejudice. Such a verdict is trifling with a case in court, etc.

In that case costs were taxed to plaintiff because the statute so provides, if the recovery in such a case is less than $50.

In *Migliaccio v. Smith Fuel Co.*, 151 Iowa, 705, 708, the verdict was for $49.50 for the death of a person thirty-six years of age. The court said:

No argument is necessary to prove its perverse character. It is hardly conceivable that a jury having a proper conception of its duty and uninfluenced by considerations other than a desire of rightly discharging it could have reached such a conclusion. There was no abuse of discretion by the trial court in granting a new trial on this ground.

These cases are referred to to illustrate the character of cases justifying interference by the court.

In *Hall v. Railway*, 145 Iowa, 291, plaintiff appealed from a judgment of $3,000, on the ground that it was inadequate. The court said that:

The mere fact that the amount assessed is more or less than the court would have been disposed to allow were the case submitted without a jury is not controlling, and will not justify the setting aside of the verdict. To call for such action the amount allowed must be so great and excessive, or so small and inadequate, that the just and intelligent mind is forced to the conclusion that the jury has failed to comprehend the case as submitted or has been influenced to its verdict by passion or prejudice. . . . It cannot be said that the sum actually awarded is so out of proportion to the injury suffered as to shock the conscience and point inevitably to the conclusion that the jury were misled by ignorance, passion, or prejudice. This is especially true in view of the fact that the learned trial court which saw the plaintiff and the witnesses produced on the trial and heard their testimony refused to set aside the verdict. Had it sustained the motion and ordered a new trial because of the inadequacy of the verdict, the case would wear a different aspect.

See, also, *Hubbell v. Des Moines*, 166 Iowa, 581; 8 Am. & Eng. Enc. of Law (2 Ed.) 630.

Some of these cases are for personal injuries, but they involve a question of discretion of the jury in fixing the assessment. Had the jury awarded a larger amount, and within the evidence, or if the trial court had granted a new trial on the ground that the verdict was inadequate, we would not, under well-established rules, interfere.

We are of opinion that we should not interfere in this case. The judgment is therefore—*Affirmed.*

LADD, C. J., and EVANS and WEAVER, JJ., concur.