H. B. CARMICHAEL, ADM., Appellant, v. BETTENDORF
AXLE COMPANY, Appellee.

**NEW TRIAL:** Excessive Verdict—Option to Remit or New Trial—
Power of Court. The court has undoubted power, whenever satisfied that the verdict of a jury is excessive, even though not on account of passion or prejudice, to order a new trial in event the prevailing party refuses to remit a designated portion of the verdict.

*Appeal from Scott District Court.*—HON. A. J. HOUSE, Judge.

TUESDAY, SEPTEMBER 21, 1915.

APPEAL from the order of the court granting defendant a new trial.—*Affirmed.*

*Ely & Bush,* for appellant.

*Cook & Balluff,* for appellee.

GAYNOR, J.—This action is brought by the plaintiff as administrator of the estate of one Herbert I. Henry to recover damages for injuries resulting in death.  There was a trial to a jury and a verdict for the plaintiff for $11,000.  Defendant filed a motion for a new trial based on several distinct grounds, among which it alleged that the verdict was excessive.

Upon the submission of the motion, the court made the following finding, and ordered:

"After an examination of the authorities . . . we are of the opinion that the amount of the verdict herein is excessive, but not to the extent of showing passion or prejudice on the part of the jury. It is therefore ordered by the court that if the plaintiff shall elect to file in this court a remittitur of all of such verdict in excess of $5,000.00 within thirty days from the filing of this order . . . the motion for a new trial shall stand overruled, and thereupon judgment shall be entered in favor of the plaintiff for the amount of $5,000.00. But in case such remittitur is not so filed by the plaintiff, then an order shall be entered sustaining such motion, and granting a new trial herein."

The plaintiff did not file a remittitur, as required by the order of the court, within thirty days. Therefore, under the order of the court, the motion for a new trial stood sustained. The plaintiff appeals to this court and complains:

1. The court erred in requiring plaintiff to file remittitur of all the verdict in excess of $5,000 as a condition precedent to overruling the motion for a new trial.

2. The court erred in making an order granting a new trial in case such remittitur was not filed by the plaintiff within thirty days.

3. The court erred in holding that decedent's estate was not damaged to exceed $5,000, and in limiting recovery to that amount, after expressly finding that the verdict of the jury was not sufficiently excessive to indicate passion or prejudice.

The argument of the appellant is that in no case has the court a right to set aside a verdict because, in the judgment of the court, the amount allowed is excessive; that the amount is a fact, and is determined only by the jury; that the jury are the triers of the fact, and that its finding upon an issuable fact, where the finding of the fact is supported in the evidence, is conclusive upon the court. It is suggested that in no case has the court a right for itself to weigh the evidence,

sit in judgment upon the credibility of the witnesses, and find an issuable fact to be other or different from that found in the pronouncement of the jury.

The fullness of this contention cannot be accepted as the law of this state, in view of our statute. It is true the court has no right, arbitrarily, or through caprice, to set aside the verdict of the jury. Nor has the court a right to determine a fact in issue adversely to the finding of the jury, where there is evidence to support the finding of the jury, and arbitrarily determine the fact for itself, and pronounce its judgment accordingly. To hold that this power lies in the court would be to emasculate the verdict of juries, and leave it in the power of the court to pronounce such judgment, notwithstanding the verdict, as it saw fit.

The court, in this case, did not pronounce judgment on the verdict, nor did it fix any amount arbitrarily and pronounce judgment for that amount. The court clearly was of the opinion that the judgment was excessive, though not the result of passion or prejudice. It tendered to the plaintiff the option to accept or reject an amount which, in the judgment of the court, appeared reasonable and just under the evidence. To hold that the court may not do this would be to revolutionize the practice in this state and in this court. Courts have supervisory power over the verdicts of the jury, and where the verdict returned appears to the trial court as excessive, the court may fix an amount which, in its judgment, would be fair and right between the parties, and allow the plaintiff to accept that amount and judgment therefor or reject it, as he sees fit, and if he fails to accept, a new trial may be ordered, as was done in this case.

The practice which has prevailed, not only in this state but in others, of giving to the plaintiff an option to remit the excess in cases where, in the judgment of the trial court, the verdict returned is excessive, tends to promote justice and lessens the expense to litigants and the public. The court, in these cases, does not arbitrarily fix an amount which the

plaintiff must accept, but gives to the plaintiff an option of accepting that amount; and, if he elects to do so, the controversy is ended. If he fails to do so, his right to have the amount ascertained and fixed by another jury is still open to him.

As supporting the action of the court below and as indicating a similar practice in other jurisdictions, see *Collins v. Railroad Co.,* 12 Barb. (N. Y.) 492; *Clapp v. Railroad Co.,* 19 Barb. (N. Y.) 461; *McIntyre v. Railroad Co.,* 47 Barb. (N. Y.) 515; *Woodruff v. Richardson,* 20 Conn. 238; *Whitehead v. Kennedy,* 69 N. Y. 462; *Doyle v. Dixon,* 97 Mass. 208; *Jewell v. Gage,* 42 Me. 247; *Belknap v. Railroad Co.,* 49 N. H. 358; *Pendleton R. Co. v. Rahmann,* 22 Ohio St. 446; *Illinois C. R. Co. v. Ebert,* 74 Ill. 399; *Kinsey v. Wallace,* 36 Cal. 462; *Blunt v. Little,* 3 Mason (U. S.) 102.

The last named case was an action for damages for malicious arrest. There was a motion for a new trial on the ground that the amount allowed was excessive. This case was decided in 1822. Justice Story, presiding, said in substance:

"As to the question of excessive damages, I agree that the court may grant a new trial for excessive damages . . . It is indeed an exercise of discretion full of delicacy and difficulty."

And he concluded by saying in substance that, where it clearly appeared to the trial court that the jury had committed an error in giving excessive damages, it was the duty of the court to interfere. He proceeded to say, in conclusion:

"In the present case, there were many aggravated circumstances, and certainly, the defendant had no cause of action. It appeared to me at the trial, a strong case for damages; at the same time, I should have been better satisfied if the damages had been more moderate. I have the greatest hesitation in interfering with the verdict, and in so doing, I believe that I go to the very limits of the law. After

full reflection, I am of the opinion that it is reasonable that the cause should be submitted to another jury, unless the plaintiff is willing to remit $500 of his damages. If he does, the court ought not to interfere farther."

.· We submit the following cases from our own court, recognizing the practice of which complaint is made in this case: *Collins v. City of Council Bluffs,* 35 Iowa 432; *Lombard v. Chicago, R. I. & P. Ry.,* 47 Iowa 494, 498; *Doran v. Cedar Rapids & M. Ry.,* 117 Iowa 442; *Schmidt v. Mehan,* 167 Iowa 236.

We find no reversible error in the case, and the cause is —*Affirmed.*

DEEMER, C. J., LADD and SALINGER, JJ., concur.