Harold Manders, Appellant, v. Howard Dallam et al., Appellees.

No. 41562.

October 25, 1932.

R. E. Hanke and Curtis W. Gregory, for appellant.

Strock, Sloan & Dyer and Harry Wifvat, for appellee Howard Dallam.

White & Clarke and A. M. Fagan, for appellee Willard D. Patterson.

Kindig, J.—On January 9, 1930, Harold Manders, a minor, was riding in a school bus on his way to the consolidated school at Waukee. The bus was driven by the defendant-appellee Howard Dallam. While operating the bus on the day in question, the ap-

pellee Dallam drove across United States Highway No. 32, where the vehicle collided with a truck then and there in the control of the defendant-appellee Willard D. Patterson. As a result of the collision, Harold Manders received personal injuries.

Consequently, on February 27, 1931, Harold, through his next friend, Roy Manders, commenced this suit to recover for the aforesaid injuries from the appellees Howard Dallam and Willard D. Patterson. These appellees filed pleadings in which they sought to avoid liability for the personal injuries. Accordingly, a trial was had to a jury, which returned a verdict in favor of the appellant for $600. Thereafter, and within due time, the appellees filed a motion for a new trial. Included in the motion for a new trial were two grounds, among others, as follows: First, that the verdict of the jury was excessive and the result of passion and prejudice on the part of the jury; and, second, that the verdict of the jury was contrary to the evidence. All grounds of the motion, except the two above mentioned, were expressly overruled by the district court. On the grounds of the motion not overruled, the district court conditionally granted the appellees a new trial. The condition was that the appellant remit all that part of the judgment over and above $400. In other words, the district court ruled that if the appellant would accept a judgment for $400 there would be no new trial, but in the event the appellant would not so accept the reduced amount, then the new trial was to be granted. Thereupon the appellant refused to accept the $400, and appealed to this court.

It is contended by the appellant on this appeal that the district court abused its discretion and acted illegally in failing to overrule the motion for a new trial. Such is the question now before us for consideration. While it is true that the appellees' motion for a new trial contained many grounds, yet the district court overruled all of them except the two above enumerated. No decision is here made or opinion indicated as to whether, for the purpose of sustaining the action of the trial court, the overruled grounds of the motion may be considered. Under the record, it is not necessary to discuss the proposition here expressly reserved.

Did the district court, then, abuse its discretion or commit error in reducing the judgment from $600 to $400 because it was excessive and not sustained by the evidence, and therefore granting a new trial in the event the appellant failed to accept the decreased amount? According to Section 11550 of the 1931 Code:

"The former report, verdict, or decision, or some part or portion thereof, shall be vacated and a new trial granted, on the application of the party aggrieved, for the following causes affecting materially the substantial rights of such party: * * *

"4. Excessive damages appearing to have been given under the influence of passion or prejudice. * * *

"6. That the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law."

Underlying the appellant's argument is the thought that the district court conditionally granted the new trial on the theory that the verdict was excessive and based upon passion and prejudice. But a careful reading of the trial court's ruling indicates that it did not necessarily do this. What the trial court actually did, as above explained, was to overrule all the motion for a new trial except the part relating to the amount of the verdict. As previously suggested, this portion of the motion contained two grounds. They are: First, that the verdict was excessive and the result of passion and prejudice; and, second, that the verdict was contrary to the evidence. An excessive verdict is not necessarily one which results from passion and prejudice. Doran v. C. R. & Marion Railway Co., 117 Iowa 442 (local citation, 450).

Both of the above-named grounds relate to the question of excessiveness in the verdict. So, when 'the district court reserved the part of the motion for a new trial relating to the excessiveness of the verdict, both of the foregoing grounds were necessarily retained. By virtue of this record, then, the question is whether the district court abused its discretion or committed an error of law in conditionally sustaining the motion for a new trial on either ground aforesaid. Upon this broader basis the question now will be considered.

At the outset, appellant maintains that the amount of a judgment in a personal injury case is necessarily a jury question, and that the court cannot interfere with a verdict based upon conflicting facts relating thereto. Generally speaking, this is true. The rule has a special application to a case where the district court refuses to grant a new trial and the defendants complain thereof on appeal. Sterler v. Busch, 197 Iowa 231; Kness v. Kommes, 207 Iowa 137; Buffalo v. City of Des Moines, 193 Iowa 194; Brause v. Brause, 190 Iowa 329; Ideal Separator Works v. Des Moines, 167 Iowa 517;

Hall v. Chicago B. & Q. R. Co., 145 Iowa 291. An explanation of this general principle may be found in the following excerpt quoted from Brause v. Brause (190 Iowa 329), supra, reading on pages 337 and 338:

"We have said many times that the assessment of damages, both actual and exemplary, is peculiarly within the discretion of the jury. It is true, of course, as said in some of the cases, that this discretion is not unlimited. The test is, not what amount the court would have allowed, but whether the verdict is so large or small, as the case may be, as to shock the conscience. In Hall v. Chicago, B. & Q. R. Co., 145 Iowa 291, cited in Ideal C. S. R. Works v. City of Des Moines, 167 Iowa 517, 522, we said: 'The mere fact that the amount assessed is more or less than the court would have been disposed to allow, were the case submitted without a jury, is not controlling, and will not justify the setting aside of the verdict. To call for such action, the amount allowed must be so great and excessive, or so small and inadequate, that the just and intelligent mind is forced to the conclusion that the jury has failed to comprehend the case as submitted, or has been influenced to its verdict by passion or prejudice. * * * It cannot be said that the sum actually awarded is so out of proportion to the injury suffered as to shock the conscience and point inevitably to the conclusion that the jury were misled by ignorance, passion, or prejudice. This is especially true in view of the fact that the learned trial court, which saw the plaintiff and the witnesses produced on the trial, and heard their testimony, refused to set aside the verdict. Had·it sustained the motion, and ordered a new trial because of the inadequacy of the verdict, the case would wear a different aspect.' "

There is an exception to that general rule. Such exception is indicated in the last portion of the quotation above set forth. If, as said in the quotation, the district court sustains a motion for a new trial, "the case would wear a different aspect." What is said in the Brause and other cases above cited, was called forth upon an occasion where the appellant asked this court to grant a new trial after the district court refused to do so. Consequently, as indicated in the cited cases themselves, the general rule is relaxed in cases where the district court, in the exercise of its discretion, has granted a new trial. This is true because the district court has a broad discretion in granting a new trial. Leake v. Azinger, 214 Iowa 927;

Lange v. Nissen, 204 Iowa 1080; Jelsma v. English, 210 Iowa 1065; Thul v. Weiland, 213 Iowa 713; Rupp v. Kohn, 210 Iowa 969.

We are more reluctant to interfere with the granting of a new trial than with the refusal to allow the relief. A trial court is vested with a large discretion in passing upon a motion for a new trial. Unless that discretion is abused, this court will not interfere. Such abuse must affirmatively appear. Leake v. Azinger (214 Iowa 927), supra; Jelsma v. English (210 Iowa 1065), supra. It was stated by this court in Blakely v. Cebelka, 199 Iowa 946, reading on page 948:

"In an early case, Dewey v. Chicago & N. W. R. Co., 31 Iowa 373, concerning a new trial we said: 'They (trial judges) ought to grant new trials whenever their superior and more comprehensive judgment teaches them that the verdict of the jury fails to administer substantial justice.' "

■ That general rule is conceded by the appellant, but he seeks to avoid it on the theory that in the case at bar: First, the district court abused its discretion; or, second, in the alternative that tribunal passed upon a legal question only. In the one event this court will reverse if the discretion is abused, and in the other we will likewise reverse if the district court commits error in disposing of a purely legal question. To repeat, for the purpose of elaboration, if, as seen by the many cases immediately hereafter cited, the district court disposes of a motion for a new trial purely on a legal question, as distinguished from a matter of discretion, then the ruling will be reviewed in this court and reversal will follow if error appears. Shaw v. Sweeney, 2 G. Greene (Iowa) 587; Stewart v. Ewbank, 3 Iowa (Clarke) 191; Cook, Sargent & Cook v. Sypher, 3 Iowa (Clarke) 484; Byington v. Woodward & Warde, 9 Iowa 360; Riley v. Monohan, 26 Iowa 507; Stockwell v. C. C. & D. R. Co., 43 Iowa 470; Turley v. Griffin, 106 Iowa 161; Busse v. Shaeffer, 128 Iowa 319; Gregory v. Pierce, 186 Iowa 151; Bennett v. Ryan, 206 Iowa 1263.

I. Convenience suggests that disposition be made of the last proposition first. Is there a legal question involved in the ruling of the district court? Evidently not to the extent that all questions of fact are eliminated. Byington v. Woodward & Warde (9 Iowa 360), supra; Carmichael v. Bettendorf Axle Co., 171 Iowa 221; Porter v. Madrid State Bank, 155 Iowa 618; Collins v. City of

Council Bluffs, 35 Iowa 432. As said in Byington v. Woodward & Warde (9 Iowa 360), supra, reading on pages 362-3:

"If the court below errs in granting or refusing a new trial, upon a legal proposition, such ruling is reviewed here, with no more presumption in favor of its correctness, than a ruling made in any other stage of the case. *Where the motion is made upon the ground that the verdict is against the evidence, it is peculiarly addressed to the sound discretion of the court trying the case.*" (Italics are ours.)

Manifestly the district court did not grant the motion for a new trial in the case at bar upon a legal proposition only, but rather, the ruling under consideration was founded upon a legal discretion. Before the district court could determine whether the verdict was against the evidence, it necessarily must have considered the record in the case bearing upon that subject. A comparison was made between the extent of the appellant's injuries, as shown by the evidence, and the amount of the verdict. Under the many cases handed down by this court, that problem involved a legal discretion, as distinguished from a problem purely of law.

II. There remains for discussion, then, the question whether the district court abused its legal discretion in granting the new trial. After carefully reading the record, it clearly appears that the trial court was within its discretion in granting the conditional order. $600 in some cases, under different records, might not be a large verdict. Everything depends upon the facts and circumstances of each case. When determining whether a verdict in a personal injury case is contrary to the evidence, it, of course, is essential to compare the amount thereof with the extent of the injury shown by the record. It is all a matter of comparison. Even though the verdict in this case be small when compared with the verdict in some other case under a different record, yet that fact does not mean that the verdict under consideration is not against the evidence in this record.

Doctor McMahon, who attended Harold Manders, testified as follows:

"I attended Harold Manders following the accident. He had an oblique cut down from the nose down through the upper lip. He had some injury to one of his ankles. No bones broken. *No*

*permanent injury as result of bruises on ankle or lip.* Healed perfectly." (Italics are ours.)

Chester J. Hartman, superintendent of the Waukee schools, made the following statements upon the witness stand:

"Have you noticed any difference in the appearance of his [Harold Manders'] face or lips, before the accident and at the present time? A. *Not unless I get right close to him and make a close examination.* (The italics are ours.) Q. What is the fact as to whether or not he has always had rather prominent upper lip? A. Well, if I was to pass judgment on the facial expression I would say that he always had rather a prominent upper lip. Q. There is no marked difference there (now), if any? A. I would not say that there was. Q. And you know there is a scar on his lip, you have noticed that, haven't you? A. How recently? Q. Is there now? A. *Not that I can see* from here [the witness stand]." (Italics are ours.)

The district court, when ruling upon the motion for a new trial, said:

"My own judgment, as I saw the plaintiff on the witness stand here, was that the verdict was objectionable by two or three hundred dollars. The injury was not any more than *boys frequently sustain in their play.* (Italics are ours.) * * * I think it is so large that the court ought not to let it stand, as unreasonable * *."

Of course, there was testimony somewhat controverting the statements of the witnesses previously mentioned. There is testimony for the appellant indicating that the appellees' witnesses perhaps unduly minimized the injury received by the boy. A conflict in the evidence, therefore, appears on this subject. According to the record, the district court especially observed Harold Manders, and noticed that his alleged injuries were no more than a boy ordinarily receives while at play. In this conclusion, the district court was supported by the attending physician and the school superintendent. Under a record of this kind, this court cannot say that the court below abused its discretion in granting the new trial. This court made a complete review of the law applicable to a situation of this kind in Carmichael v. Bettendorf Axle Company (171 Iowa 221), supra, reading on pages 222 and 223. That discussion is so applicable to the instant case that it is deemed useful, in the

interests of clarity, to make an extensive quotation therefrom as follows:

"The argument of the appellant is that in no case has the court a right to set aside a verdict because, in the judgment of the court, the amount allowed is excessive; that the amount is a fact, and is determined only by the jury; that the jury are the triers of the fact, and that its finding upon an issuable fact, where the finding of the fact is supported in the evidence, is conclusive upon the court. It is suggested that in no case has the court a right for itself to weigh the evidence, sit in judgment upon the credibility of the witnesses, and find an issuable fact to be other or different from that found in the pronouncement of the jury. *The fullness of this contention cannot be accepted as the law of this state, in view of our statute.* (The italics are ours.) It is true the court has no right, arbitrarily, or through caprice, to set aside the verdict of the jury. Nor has the court a right to determine a fact in issue adversely to the finding of the jury, where there is evidence to support the finding of the jury, and arbitrarily determine the fact for itself, and pronounce its judgment accordingly. To hold that this power lies in the court would be to emasculate the verdict of juries, and leave it in the power of the court to pronounce such judgment, notwithstanding the verdict, as it saw fit. The court, in this case, did not pronounce judgment on the verdict, nor did it fix any amount arbitrarily and pronounce judgment for that amount. *The court clearly was of the opinion that the judgment was excessive, though not the result of passion or prejudice.* (The italics are ours.) It tendered to the plaintiff the option to accept or reject an amount which, in the judgment of the court, appeared reasonable and just under the evidence. To hold that the court may not do this would be to revolutionize the practice in this state and in this court. Courts have supervisory power over the verdicts of the jury, and where the verdict returned appears to the trial court as excessive, the court may fix an amount which, in its judgment, would be fair and right between the parties, and allow the plaintiff to accept that amount and judgment therefor or reject it, as he sees fit, and if he fails to accept, a new trial may be ordered, as was done in this case."

The discretion under consideration may be exercised by the trial court, even though there is a conflict in the evidence. *As said* in Porter v. Madrid State Bank, 155 Iowa 618, reading on page 619:

"* * * it has been specifically decided that, although the evidence is conflicting and the case was properly submitted to the jury, the court may, in the exercise of a sound discretion and on reasonable grounds of belief that an erroneous verdict has been reached, grant a new trial in order that the facts may be passed upon by another jury."

Hence, it is seen that under the statute permitting the district court to grant a new trial, if the verdict is against the evidence, that tribunal may sustain a motion for such relief if, in the exercise of its legal discretion, it finds that the verdict is excessive, even though there may be a conflict in the evidence. Porter v. Madrid State Bank (155 Iowa 618), supra; Woodbury Co. v. Dougherty & Bryant Co., 161 Iowa 571 (local citation, 573) ; Schmidt v. Mehan, 167 Iowa 236 (local citation 239) ; Benefiel v. Semper, 185 Iowa 410; Carmichael v. Bettendorf Axle Company (171 Iowa 221), supra; Jourdan v. Reed, 1 Iowa (Clarke) 135; Fawcett v. Woods, 5 Iowa (Clarke) 400; Byington v. Woodward & Warde (9 Iowa 360), supra. See Collins v. City of Council Bluffs (35 Iowa 432), supra; Tathwell v. City of Cedar Rapids, 122 Iowa 50; Doran v C. R. & Marion Railway Co. (117 Iowa 442), supra.

After hearing and observing the witnesses and reviewing the entire record, the district court felt that the appellees had not had a fair trial and consequently conditionally sustained their motion for a new trial. Because, therefore, the appellant refused to accept the reduced amount, a new trial actually results. Under the record as measured by the authorities above set forth, this court cannot say that the district court abused its legal discretion in the premises by so doing.

Wherefore, the judgment of the district court must be, and hereby is, affirmed.—Affirmed.

STEVENS, C. J., and EVANS, FAVILLE, ALBERT, and BLISS, JJ., concur.