DONIPHAN & HUGHES v. STREET *et al.*

1. **Conveyance:** DEFECTIVE DESCRIPTION. In equity, an instrument intended to operate as a conveyance of lands, but so imperfect in description as not to pass or carry the title, will, if the consideration has been paid, be treated as a contract for a deed, which will be enforced by the decree of the court, as against the grantor and subsequent purchasers with notice.

2. **New trial:** DEFECTIVE PLEADING. A judgment will not be reversed upon the ground of defects in pleadings, when it is apparent, upon the face of the record, that the parties have had a full trial, that neither party has been prejudiced by reason of such defect, and that substantial justice has been done.

*Appeal from Pottawattamie District Court.*

MONDAY, OCTOBER 24.

DEFECTIVE DEEDS TREATED AS VALID CONTRACTS TO CONVEY, AND ENFORCED IN EQUITY.—The plaintiff's petition was filed October 26, 1854, against Street, as county judge, claiming to be entitled to a deed for a certain parcel of land in Council Bluffs. The county judge held the title in trust for the occupants of lots, under the act of Congress

of April 6, 1854 ; Laws of Iowa, 1853, ch. 88, p. 145 ; and see *Hall* v. *Doran*, 6 Iowa, 433, for general history of the title to the land and lots in Council Bluffs, and the construction which the above statutes have received. In April, 1855, Street answered, that pursuant to an order of the District Court (to which suit, however, plaintiffs were not parties), made in November, 1854, he had conveyed the property sought by plaintiffs, to Stone. This conveyance was made November 21, 1854, and consequently after this suit was brought. Stone is made a party, and the plaintiffs allege that the conveyance to him was fraudulent; that he had notice of the plaintiffs' rights, and that he holds the property in trust for them. Stone answers, denying the material allegations of the petition and amended petition. Testimony was taken, and the cause referred to E. Wakely, Esq., special master in chancery, who seems to have examined it with great care, and who reported in favor of the plaintiffs. Defendant, Stone, appeals.

*R. L. Douglass* for the plaintiffs.

*S. Clinton* for the defendant.

DILLON, J.—I. In the petition, the property claimed by the plaintiffs is described thus, viz.: "Bounded as follows :
1. CONVEY- Northerly by Indian creek and the fence as it now
ANCE:
defective runs; easterly by Timothy Joiner's lot to Broad-
description. way street; thence southerly fifty-two and a half feet; thence westerly to the place of beginning, situate in Council Bluffs City, county of Pottawattamie, and State of Iowa; that said piece or parcel of ground was originally settled upon and in the seizin, possession and occupancy of one John McClure."

In the amended petition the same description is substantially given, except that the word "North" is used in the place of the word "Northerly." In a replication filed on

the 4th of February, 1860, the following allegations among others were made, viz., that at the date of the deed from Street to Stone (November 21st, 1854), "the city of Council Bluffs had been laid out into lots and platted, and that *the premises described in complainant's bill*, are designated in said deed, executed by said Street to said Stone, as lot No. 193, in the city of Council Bluffs, *being fifty-two and one-half feet* off the east side of lot 193, adjoining the lot of Timothy Joiner," &c.; and this fifty-two and a half feet was, by the decree, awarded to the plaintiffs. The only point made by the defendant is, that the description of the property claimed in the original and amended petitions, is so defective, vague and uncertain, as that it cannot support the decree, and hence it ought to be reversed. He does not deny that it is described with the requisite definiteness and certainty in the *replication*, but makes the point that this cannot be considered for the purpose of curing or aiding the want of certainty in the original and amended petitions. This defense is purely technical. We have read with great care the voluminous transcript and evidence, and find that the plaintiffs' case on the merits is fully supported by the testimony, while on the other hand the defendant has adduced no testimony whatever to sustain his theory or line of defense as set up in his answer. Both parties admit that the original occupant or claimant was John McClure; and plaintiffs produce deeds from McClure to Henshall, from Henshall to Ford, from Ford to James, and from James to them. Without going into detail, the *description* in these various deeds is substantially the same as in the petition and amended petition. Now the defendant objects that the description in these deeds is so defective that they are void and conveyed no title; and much testimony from surveyors and engineers has been taken on the point, whether the description in the petition and deeds defines a given or particular parcel of land. This testi-

mony is conflicting. But suppose the description in the deeds is defective, it does not follow that the plaintiffs have no equitable rights. They purchased the premises of James in 1853, for value, and all of the sales and conveyances from McClure down, were founded upon a valuable consideration.

The case does not stand as though in a court of law the plaintiffs were endeavoring to maintain ejectment upon a deed with a defective or imperfect description. It is a well settled rule of law, founded upon the most obvious principles of justice, that when an instrument intended to operate as conveyance of lands is so executed as not to pass the estate or carry the title, equity will, if the consideration has been paid, treat it as a *contract* for a deed and decree, the title to be perfected. *Barr* v. *Hatch et al.*, 3 Ohio, 527, 529; *Wadsworth* v. *Wendell*, 5 Johns. Ch. R., 224, where, upon an elaborate review of the authorities, Chancellor KENT considers the doctrine as too well established and too just in itself, to admit of any doubt that a defective conveyance binds the land *in equity* against the grantor, his heir, and subsequent purchasers with notice of the equitable title of the plaintiff. The plaintiffs proved such a case as under these principles entitled them to relief in equity against the defendant, though the description in their deed may have been imperfect.

Besides, it was distinctly proved that the plaintiffs " were in possession (by an agent) at the time Frank Street, as county judge, made the purchase of the town site of Council Bluffs," and that this possession "continued until the fall of 1856, or the spring of 1857;" that the premises "were inclosed with another lot;" that until the conveyance to Stone there was no "adverse possession or claim." It was also proved that James, the vendor of plaintiffs, when he sold them the premises, ". went with them and measured them off 52½ feet from Timothy Joiner's land on

Doniphan & Hughes v. Street.

Broadway, and running back same width to Indian Creek or the fence." (James' Dep., Ans. 9.) These facts were not disputed; and this is the precise land for which the plaintiffs obtained the decree appealed from. Now, under *Hall* v. *Doran*, 6 Iowa, 433, the plaintiffs, as *occupants* were entitled to a deed, and the fact that the defendant, Stone, had obtained a deed by the order of the court in an action to which the plaintiffs were not parties, did not affect their right.

II. Still, it would be essential that the property which they sought should, in the pleadings, be described with reasonable certainty. And we agree with the defendant's counsel, that this description should be contained in the petition, and not in the replication. The description was so contained; but, without the aid of the replication, it might be defective in the requisite certainty. Shall we reverse the decree because of this error or defect in the proceeding, in a case where there has been a full trial, where substantial justice has been done, and where no actual prejudice could have been wrought to the defendant? To do so would be to attach more importance to the shell than to the kernel—to form than to substance, and directly to fly into the face of that provision of the statute (Rev., § 2978) which, in so many words, declares that "no judgment shall be reversed for any error or defect in the proceeding which does not affect the substantial rights of the adverse party." It is the duty of courts to emancipate themselves from the influence and bias of the more strict and (as their admirers delight to call them) the more *scientific* rules of the common law system of pleadings and proceedings, and liberally, and in the spirit intended, administer the rules and provisions of the system which hath superseded it. In the case of *Cotes & Patchin* v. *The City of Davenport*, 9 Iowa, 227, where the defect was much greater than in the case at bar, this court decided that it

2. NEW TRIAL: defective pleading.

would not disturb the judgment below because of defects in the pleadings where it appeared that justice was done and no prejudice occasioned. The concluding observation of WRIGHT, Ch. J., in that case, is equally applicable to this one: " It is impossible to perceive why substantial justice has not been as fully administered as though the pleadings had been in the most perfect form or complete state; and if so, the judgment should not be disturbed." See, also, *Smith* v. *Milburn*, 16 Iowa. To this salutary rule and practice we are disposed to adhere. The decree below is

Affirmed.