MARY E. BARGER and GEORGE H. BARGER, Appellees, v. F. Z. BROWN, Appellant.

**Contracts:** PLEADING AND PROOF: VARIANCE. Slight and immaterial
1   variations between the pleadings and the proof are not fatal. Thus where defendant promised to pay plaintiff for the care and support of his minor son, proof that such agreement was made after the time alleged in the petition was not a material variance.

**Same:** EVIDENCE: PREJUDICE. Evidence that plaintiff was expecting
2   compensation for the care and support of defendants minor son

was not prejudicial, where the court instructed that recovery could not be had unless it was found that the services were rendered under an express agreement to pay therefor.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

FRIDAY, OCTOBER 24, 1913.

ACTION at law to recover upon an alleged oral agreement by the defendant to pay plaintiffs for the care and support of his minor son. There was a verdict and judgment for plaintiffs, and defendant appeals.—*Affirmed.*

*John N. Hughes* and *C. L. Taylor,* for appellant.

*C. W. Bingham,* for appellees.

PER CURIAM:—Defendant's wife died in the year 1894. Soon after her death plaintiffs took the infant son of the defendant, and since that time have kept and cared for him. They allege that they have performed this service upon the express agreement and promise of the defendant, made about January, 1894, to pay therefor at such rate as should be reasonable and just. They further aver that, except a single installment of $25, and a few smaller items, no part of the debt so contracted has ever been paid. It is not denied that plaintiffs have kept and cared for the child, but defendant alleges that they assumed such custody voluntarily and without request on his part, but with the declared desire and purpose to make the child a member of their family to be received and cared for by them as their own. He further avers that he has frequently and on different occasions proposed and sought to resume the care and custody of his son, but plaintiffs have always objected thereto and earnestly urged that they were attached to the boy and loved him as their own son and wished to keep him as such.

It will be seen at once that the vital question of fact is whether an agreement to pay for such service was ever made by the defendant. That question was fairly submitted to the jury and found against the defendant. The verdict has ample support in the testimony. The errors assigned for a reversal are that the court erred in instructing the jury upon the issues joined, in refusing to submit to the jury defendant's plea of the statute of limitations, and in the admission of certain testimony. We think neither objection is well taken. The instruction does not, as counsel seem to think, permit the plaintiff to recover upon a contract other than the one pleaded in the petition. It tells the jury, in substance, that if they find that defendant did promise to pay, and plaintiffs relying thereon performed the service, they were entitled to recover, although the promise may have been made at a date subsequent to the time alleged in the petition. This was not erroneous. The exact date of the agreement, if any, was not a controlling fact, and a variance in respect thereto is immaterial. It is a settled and statutory rule in this state that an immaterial variance between pleading and proof is to be disregarded. Code, section 3597.

1. CONTRACTS: pleading and proof: variance.

The case as made did not justify the court in submitting the defense of the statute of limitations. The pleaded contract was either entire and no right of action arose thereon until it was fully performed or otherwise terminated, or plaintiff's claim is in the nature of a continuous open account for the accruing items of service and the statute had not run against any part of it. There was no question upon this issue for the consideration of the jury.

The rulings upon evidence are clearly right, except perhaps in permitting one witness to say that Mrs. Barger was expecting compensation for keeping the child, a matter of which the witness was probably not competent to speak, and immaterial upon the question whether there was an express promise to pay,

2. SAME: evidence: prejudice.

But the record is such it must be said to affirmatively appear that no prejudice could have resulted therefrom to the defendant. The court instructed the jury that no recovery could be had unless it was first found that the service was rendered pursuant to an express agreement by the defendant to pay therefor.

It must be presumed that the jury did its duty and followed the instructions in reaching its verdict. It is inconceivable that the remark of the witness to which exception is taken could have influenced this finding, and we cannot make its admission in testimony the ground for setting aside the judgment and putting the parties and the public to the expense of another trial. The instructions as a whole are very favorable to the appellant, and the whole record presents a case in which there is no reasonable prospect of a different result even if a new trial were ordered.

The judgment of the district court is therefore *Affirmed.*