GEORGE T. TOBIN, SR., *vs.* LEON SYFRIT.

1.  BAILMENT—BORROWING AUTOMOBILE FOR PLEASURE ESTABLISHES
    BAILMENT, NOT MASTER AND SERVANT RELATION.
    Where one person lends an automobile or vehicle to another, to be used
by him at his pleasure, the borrower becomes a bailee, and is in no sense a ser-
vant of the owner. He is responsible to the bailor, or owner, for the reasonable

use of the property borrowed, and to third persons for the negligence of himself or his servants while said property is in his care and control.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE OF BAILEE OF AUTOMOBILE HELD NOT IMPUTABLE TO BAILOR.

Where plaintiff lent his automobile to another for pleasure purposes, and the borrower collided with defendant's truck, the negligence of the borrower is not attributable to the plaintiff, and can in no way prevent him from recovery for damages to his property caused by the negligence of defendant.

*(April 4, 1923.)*

HARRINGTON and RICHARDS, J. J., sitting.

*Francis de H. Janvier* for plaintiff.

*Henry R. Isaacs* and *LaPenne Guenveur* for defendant.

Superior Court for New Castle County, March Term, 1923.

Sums. case, No. 186, September Term, 1922.

The plaintiff contends that he lent an automobile, belonging to him, to his grandson, George L. Tobin, on the 14th day of July, 1922, and that while the said George L. Tobin was driving it in a northerly direction on the easterly side of the New Castle Causeway on that day his said automobile was seriously damaged by colliding with an automobile truck of the defendant; that said truck on the day in question was being driven by defendant's agent in a southerly direction on said causeway and that said collision was caused by its being suddenly and without due warning turned by its driver across said road in an easterly direction and directly in the path of plaintiff's machine.

The defendant admits that he was the owner of the automobile truck that collided with the plaintiff's automobile on the 14th day of July, 1922, and that said truck was then being driven by his agent or servant on defendant's business; he also admits that while said truck was being driven in a southerly direction along said causeway it was headed in an easterly direction across it and driven into a road leading to a dumping ground; he contends, however, that said truck was being driven at a lawful rate of speed and that due and proper warning of its change of direction was given by the driver's holding out his hand, but that the driver of plaintiff's

Syllabus.

machine was operating at a high rate of speed and notwithstanding the warning given him, failed to slow down and negligently drove into defendant's truck.

RICHARDS, J., in charging the jury, among other things, said:

[1, 2] Where one person lends an automobile or vehicle to another to be used by him at his pleasure, the borrower becomes a bailee and is in no sense a servant of the owner; he is responsible to the bailor, or owner, for the reasonable use of the property borrowed, and to third persons for the negligence of himself or his servants while said property is in his care and control, but the negligence of the borrower or bailee is not attributable to the bailor or owner of the property and can in no way prevent him from recovery for damages to his property caused by the negligence of a third person. *Lloyd v. Railroad*, 107 *Wash.* 57, 181 *Pac.* 29, 6 *A. L. R.* 307, and notes *page* 316; *Railway Co. v. Railroad Co.*, 61 *N. J. Law* 287, 41 *Atl.* 1116; 3 *R. C. L., p.* 146, § 70; 1 *Thompson on Neg.*, §§ 499 and 512.