MILDRED ROBINSON, Appellee, v. BRUCE RENT-A-FORD COMPANY et al., Appellants.

October 25, 1927.

Rehearing Denied February 11, 1928.

*Carl F. Jordan,* for appellants.

*Havner, Flick & Powers,* for appellee.

Stevens, J.—I. The defendant Bruce Rent-A-Ford Company is a copartnership, composed of Carl and Glen Bruce, having its principal place of business in the city of Des Moines.  The business of the copartnership is indicated by its firm name and style. Shortly prior to October 11, 1924, one Gillespie hired a Ford automobile of appellants, and while engaged in the operation thereof on Walnut Street in the city of Des Moines, negligently and carelessly collided with Mildred Robinson, a minor, for whose benefit this action for damages is prosecuted by her next friend, and inflicted the injuries now complained of. On July 15, 1926, appellee, as next friend, filed a petition in the district court of Johnson County, asking judgment for damages against appellants in the sum of $5,000. On the following day, appellants filed an answer to the petition, and a trial was had to the court without a jury, resulting in a judgment in favor of the appellee for $5,000. The cause was tried and submitted upon an agreed statement of facts, which stipulated for a judgment in favor of appellee if the court found that recovery should be allowed. The original abstract alleged that the pleadings were filed after the stipulation of facts. This

allegation of the abstract is denied by appellee in an amendment duly filed, in which it is alleged that the pleadings were, in fact, filed August 16th, and the agreed statement of facts offered in evidence upon the trial. The denial of appellants' abstract was specific, and, in the absence of a certification by appellant of the record to this court, must, under Rule 17 of the published rules of this court, be accepted as true.

The particular point urged by counsel for appellants in this connection is that the proceedings were intended to be, and were in fact, under Chapter 547, Code of 1924, which permits "parties to a question in difference which might be the subject of a civil action" to, "without action, present an agreed statement of the facts to any court having jurisdiction of the subject-matter" (Section 12686) ; and that, because of the failure to accompany the signed statement with the affidavit required by Section 12687, Code of 1924, the court was without jurisdiction to enter judgment. This statute is as follows:

"It must be shown by affidavit that the controversy is real, and that the proceeding is in good faith to determine the rights of the parties thereto."

No affidavit accompanied the agreed statement of facts in this case. In proceedings under Chapter 547, the filing of an affidavit is necessary, to confer jurisdiction upon the court to render judgment. *Keeline v. City of Council Bluffs*, 62 Iowa 450. Upon the introduction of the agreed statement of facts, both parties rested, and appellants moved for a directed verdict upon many grounds. The motion was overruled, and judgment entered as stated. It is clear that the proceeding was not under the foregoing chapter, but that the parties, desiring to have the court pass upon certain matters of law only, agreed to submit the case, which was commenced without the service of an original notice, upon an agreed stipulation of facts. This was obviously the theory and understanding of the parties at the time. Otherwise, a motion for a directed verdict would not have been filed.

II. The stipulation admits that the appellant partnership was the owner of the car driven by Gillespie. The record does not disclose the date on which he took possession of the auto-mobile, but in this case that is immaterial. The term "owner," as a part of the phraseology of the motor-vehicle statutes of this state, was ex-

tended beyond its ordinary significance and meaning by Chapter 72, Acts of the Thirty-fourth General Assembly, and made to include "any person, firm, association or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days." This was followed by the enactment of Chapter 275, Acts of the Thirty-eighth General Assembly. These enactments appear in the Code of 1924 as Chapter 251, and, so far as material to this controversy, are as follows:

"Sec. 4863. * * * 8. 'Owner' shall include any person having the lawful ownership, use or control, or the right to the use or control, of a motor vehicle, under a lease or otherwise, for a period of ten or more successive days.

"Sec. 5026. In all cases where damage is done by any car driven by any person under fifteen years of age and in all cases where damage is done by the car, driven by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage."

It may be conceded that, ordinarily, in the absence of a statute providing therefor, the bailor of an automobile for hire who does not furnish the driver is not liable to third persons for injuries or damages inflicted or caused by the negligent operation thereof by the bailee. *Reynolds v. Buck*, 127 Iowa 601; *Neubrand v. Kraft*, 169 Iowa 444; *Phillips v. Gookin*, 231 Mass. 250 (120 N. E. 691); *Fisher v. Fletcher*, 191 Ind. 529 (133 N. E. 834); *Otoupalik v. Phelps*, 73 Colo. 433 (216 Pac. 541); *Brown v. Chevrolet Motor Co.*, 39 Cal. App. 738 (179 Pac. 697); *Beville v. Taylor*, 202 Ala. 305 (80 So. 370); *Halverson v. Blosser*, 101 Kan. 683 (168 Pac. 863); *Doss v. Monticello Elec. L. & P. Co.*, 193 Ky. 499 (236 S. W. 1046); *Tobin v. Syfrit*, 2 W. W. Harr. (Del.) 274 (122 Atl. 244).

Section 5026, Code of 1924, is broad, comprehensive, and unequivocal in its terms and meaning. It makes the owner liable for damages to third persons resulting from the negligent operation of a motor vehicle by any person in possession thereof and operating the same with his consent. Similar statutes have been enacted in other states, and construed by the courts of at least two of them. The Michigan statute provides that the owner shall not be liable for damages caused by the negligence of another unless the motor vehicle is being driven by the express or

implied consent or knowledge of the owner. This statute was construed in *Stapleton v. Independent Brew. Co.*, 198 Mich. 170 (164 N. W. 520), and given effect according to its terms. A judgment rendered in the court below against the owner of an automobile for damages resulting from the negligent operation thereof by the Detroit Axle Company, to which it was loaned, for use in its business, was affirmed. Referring to this case in *Van Oster v. Kansas*, 272 U. S. 465 (71 L. Ed. 354), the Supreme Court of the United States, in construing another statute in which a similar principle was involved, said:

"They [the statutes in question] have their counterpart in legislation imposing liability on owners of vehicles for the negligent operation by those entrusted with their use, regardless of a master-servant relation."

Thus, in a measure, the Supreme Court of the United States recognized the validity and propriety of statutes of the character involved.

A statute similar to the Michigan statute is in force in the state of New York. So far as the cases have been brought to our attention, the New York statute has not been construed by the court of appeals, but liability of the owner under circumstances similar to those in the pending case has been held in two cases in that state. *Feitelberg v. Matuson*, 124 Misc. Rep. 595 (208 N. Y. Supp. 786) ; *Plaumbo v. Ryan*, 213 App. Div. 517 (210 N. Y. Supp. 225).

There can be no question as to the meaning or scope of the language used in Section 5026. It cannot be so construed as to relieve the owner from liability for damages caused by the negligent operation of a motor vehicle by another having possession thereof and operating the same with his consent.

Nor do we conceive how Paragraph 8 of Section 4863 of the Code, quoted above, can be construed as in any way affecting or limiting the provisions of Section 5026. The obvious purpose of the legislature in defining the term "owner," as it appears in the foregoing paragraph of Section 4863, was to extend the provisions of Section 5026 so as to include persons and corporations not ordinarily comprehended within the ordinary meaning of the word "owner."

III. It is suggested by counsel for appellant that Section 5026, thus construed, is violative of the due-process clauses of

the Constitution of the state of Iowa and of the United States. It is doubtful if this question was properly raised in the court below, but, if so, it is without merit.  All courts recognize motor vehicles as dangerous instrumentalities, particularly when operated by a negligent or incompetent person. The statute in no wise permits the taking of property without due process of law, but merely extends the liability of the owner for damages inflicted or caused by a motor vehicle owned by him and operated by another with his consent. There is, obviously, no infringement, by this statute, of any constitutional right of the defendant's. *Seleine v. Wisner*, 200 Iowa 1389; *Stapleton v. Independent Brew. Co.*, supra; *Wolf v. Sulik*, 93 Conn. 431 (106 Atl. 443); *Opinion of Justices to S. & H. of R.*, 251 Mass. 569 (147 N. E. 681).

We find no reversible error in the record, and the judgment is affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.