RAY McLAIN, Administrator, Appellant, v. ARMOUR & COMPANY et al., Appellees.

FEBRUARY 14, 1928.

*Claud M. Smith* and *J. F. Loughlin*, for appellant.

*Stewart & Hatfield* and *Herrick & Herrick*, for appellees.

ALBERT, J.—At the time of the happening of the accident in

controversy, the railroad tracks in the city of Cherokee ran in a northeasterly and southwesterly direction. Paralleling the right of way of the railroad, and adjacent thereto on the east, is Fourth Street. Intersecting Fourth Street is Willow Street, running in an easterly and westerly direction. At or near the center of this intersection is a mushroom light. The defendant Harvey Seitz, driving a Ford coupé, was traveling west on Willow Street, and when he reached this intersection, he turned to the south, failing to pass around the mushroom light in the center of the street. In ordinary parlance, he "cut the corner." The plaintiff's decedent, Stella Frances McLain, and a woman by the name of Mrs. Adams, were traveling on the south side of Willow Street, and had just left the corner and taken a few steps into Fourth Street when they were struck by this automobile, the accident resulting in the death of Mrs. McLain and the serious injury of Mrs. Adams. It is for the death of Mrs. McLain that this action is brought.

The defendant Ben Zersen was in the employ of Armour & Company as a salesman. His home was in Cherokee. On Sunday, February 28, 1926, he was driving his car from his home to a place designated as "Duffy's Cafe," about a mile distant. This cafe was situated on the second street south of Willow Street. Harvey Seitz, his brother-in-law, a young man about 19 years of age, accompanied him. When they reached a point opposite Duffy's Cafe, the car was parked, and both alighted, Zersen going to the cafe, and Seitz ostensibly to a skating rink. While Zersen was in the cafe, Seitz came back, took the car, and drove to the post office, three or four blocks away. Finding the post office closed, he was returning therefrom when this accident occurred. This is a sufficient statement of the facts to a fair understanding of the questions involved.

Section 5026, Code of 1924, in part reads as follows:

" * * * in all cases where damage is done by the car driven by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage."

It is the claim of the appellant herein that Armour & Company were the owners of this car, within the meaning of this section. The term "owner" is defined in Subsection 8 of Section 4863, Code of 1924, as follows:

" 'Owner' shall include any person having the lawful

ownership, use or control, or the right to the use or control, of a motor vehicle, under a lease or otherwise, for a period of ten or more successive days."

There is nothing whatever in the record to show that Armour & Company were the owners of this car. In fact, the direct testimony shows that Zersen was the owner of the car. It was used by him in his employment with Armour & Company as a salesman of their products, and the fact that in the contract of employment between them and Zersen there was a provision that Zersen would protect Armour & Company from any claim or suits or actions for damages by reason of the ownership, maintenance, manipulation, or use of the automobile aforesaid does not, in our judgment, change the situation. But, if we assume, for the sake of argument, that it was shown that Armour & Company were the owners of this car, the aforesaid Section 5026 would only make them liable in event that the car was being driven with their consent. The record is wholly silent on this question, and if for no other reason, this would absolve Armour & Company from liability. That this is a necessary element we have repeatedly settled in this state in the following cases: *Rowland v. Spalti*, 196 Iowa 208; *Curry v. Bickley*, 196 Iowa 827; *Hall v. Young*, 189 Iowa 236; *Mooney v. Canier*, 198 Iowa 251; *Seleine v. Wisner*, 200 Iowa 1389.

Taking the next step, it was, however, claimed that, Zersen being in the employ of Armour, if we assume that the company owned the car, Zersen was driving it with the company's consent. This would, of course, be undebatable, and would be controlling, had the accident occurred while Zersen was driving the car. Unfortunately for the plaintiff, however, Zersen was not driving the car at the time the accident occurred, the car being driven by Seitz. If we assume that the car was owned by Armour & Company, and was being driven by Zersen with the company's consent, in order to make Armour & Company liable it would be necessary, in addition to these facts, to show that Seitz was driving the car with the knowledge and consent of Zersen, or at least that Seitz was assisting Zersen in the business of Armour & Company. Here again we fail to find any evidence to support the propo-

sition. There is nothing to show that Seitz was a subagent or assistant of Zersen's, or that in what he was doing he was acting within the scope of the employment of Zersen. The law governing this proposition is stated in the above cited cases, and also in *Thyssen v. Davenport I. & C. S. Co.*, 134 Iowa 749; *Ash v. Century Lbr. Co.*, 153 Iowa 523.

A subagency cannot arise without the knowledge or consent of either the principal or his agent. That a volunteer cannot bind the principal or master by assuming to help the agent or servant, without the knowledge or consent of the agent or servant, see *Thyssen v. Davenport I. & C. S. Co.*, supra. Seitz was purely a volunteer, and in the second place, he was not assuming to help the agent or servant in any of his work for Armour & Company.

Some suggestion is made in argument that this case comes within the "family-car" rule, on which subject we have a number of cases. There is nothing in the record to show that either Armour & Company or Zersen ever authorized or knew that this car was being used as a family car, and we think that doctrine has no application to the case.

Plaintiff, having failed to support his allegations to connect Armour & Company with this accident, as he should have done, to hold it liable herein, did not support the allegations of his petition, and the court rightly directed a verdict in favor of Armour & Company.—*Affirmed.*

Stevens, C. J., and De Graff, Morling, and Wagner, JJ., concur.

Kindig, J., takes no part.