MARY L. THORNTON, Appellee, v. J. P. BOGGS, Appellant.

No. 41090.

DECEMBER 17, 1931.

M. M. O'Bryon and E. N. Farber, for appellee.

W. D. Kearney, for appellant.

KINDIG, J.—Some time before March 1, 1928, Mary L. Thornton, the plaintiff-appellee, leased to the defendant-appellant, J. P. Boggs, eighty acres of land in Marshall County. Possession of the farm was taken by appellant on March 1 of that year.

It is claimed that appellant did not pay all the rent due, and on February 14, 1930, the appellee commenced this action to recover such unpaid rent. By way of answer, the appellant, first, denied the allegations of appellee's petition; and, second, filed a counterclaim for $342.00, alleged to be due him because the appellee failed to comply with the terms of the lease.

A trial was had to a jury, which returned a verdict denying the appellee anything on her petition, but allowing the appellant $196.19 on his counterclaim. Thereafter, on October 9, 1930, the appellee filed a motion for a new trial, alleging therein, among other grounds, that the jury returned a quotient verdict. Accordingly the district court sustained the motion, and granted appellee a new trial. From this ruling of the court below, the appellant appeals.

At the hearing on appellee's motion for a new trial, affidavits and testimony of certain jurors were taken. This evidence related to the manner in which the jury reached its verdict. Two of the jurors, as shown by the amended abstract, said that the fact-finding body agreed beforehand that each juror should

vote on the amount he thought the appellant should recover. Then the twelve amounts thus indicated were to be added together and the total divided by twelve. Such result, these witnesses say, was to be their verdict. Likewise, at least one of these jurors testified that, after such quotient verdict was reached, no further discussion followed. The foreman, these witnesses suggest, placed in the formal verdict the amount indicated by the foregoing quotient. Other jurors disputed this, and said that the quotient was for the purpose only of reaching the average opinion of the jury. That, however, these last-named jurors assert, was with the express understanding that further discussion was to ensue. Consequently, it is said by these witnesses that, after the average result was reached, the jury did proceed with further discussion. Then, after such subsequent discussion, the jury again balloted, and arrived at the verdict. Thus it is seen that there was a conflict of testimony before the district court. In the face of that conflict, it cannot be said that the district court abused its discretion when deciding in favor of a new trial. Lange v. Nissen, 204 Iowa 1080.

"We are more reluctant to interfere with the granting of a new trial than with the refusal to allow the relief. A trial court is vested with a large discretion when passing upon a motion for a new trial. Unless that discretion is abused, this court will not interfere. Such abuse must affirmatively appear." Jelsma v. English, 210 Iowa 1065.

Under the record in the case at bar, therefore, it is apparent that the district court did not abuse its discretion in sustaining appellee's motion for a new trial.

Wherefore, the judgment of the district court should be, and hereby is, affirmed.

FAVILLE, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.