BETTY GREENE, by her next friend, AL GREENE, Plaintiff, Appellee, v. HARRY R. LAGERQUIST, Defendant; G. E. BRUCE and STANDARD BISCUIT COMPANY, Defendants, Appellants.

No. 42054.

DECEMBER 12, 1933.

REHEARING DENIED APRIL 5, 1934.

Carl F. Jordan, for appellants.

Donnelly, Lynch, Anderson & Lynch, for appellee.

KINDIG, J.—On May 4, 1931, Betty Greene, a girl five years old, was injured in an automobile accident in Cedar Rapids.   At the

time of the injury, Betty was riding in an automobile with her mother, two brothers, and a sister. The car in which Betty was riding collided, at the intersection of Nineteenth street and Second avenue, with an automobile driven by the defendant Harry R. Lagerquist. After the accident, suit was brought against the defendant Harry R. Lagerquist, and the defendants-appellants G. E. Bruce and Standard Biscuit Company, by Betty Greene, through her next friend Al Greene, to recover damages for personal injuries received in the accident. Betty Greene, by her next friend, Al Greene, therefore, was the plaintiff in the district court, and is the appellee in this court.

When the cause was tried in the district court, it went to the jury on the issues between the appellee and the defendant Harry R. Lagerquist. As a result of the trial on those issues between those parties, the jury returned a verdict in the appellee's favor in the sum of $1,500. That verdict is not involved on this appeal.

During the trial in which the appellee recovered judgment against the defendant Harry R. Lagerquist, a verdict was directed by the district court against the appellee and in favor of the appellants G. E. Bruce and Standard Biscuit Company. It was the theory of the district court that the appellee failed to show that the appellant G. E. Bruce, the owner of the car driven by the defendant Lagerquist, and the Standard Biscuit Company, the lessee thereof, consented to Lagerquist's use of the car.

Following the directed verdict, and within due time, the appellee filed in the district court a motion for a new trial against the appellants G. E. Bruce and Standard Biscuit Company. In the motion for the new trial, the appellee stated as grounds therefor: First, that the district court was too strict with the appellee in the cross-examination of the appellants' witnesses; and, second, that the district court erred in not submitting the issues between the appellee and the appellants to the jury. The motion for a new trial was sustained by the district court, and the appellants appeal.

There is involved, then, the question whether the order of the district court granting the new trial should be reversed. We are more reluctant to interfere with the granting of a new trial than with the refusal to allow the relief. A trial court is vested with a large discretion in passing upon a motion for a new trial. Unless that discretion is abused, this court will not interfere. Such abuse must affirmatively appear. Manders v. Dallam et al., 215 Iowa 137, 244 N. W. 724; Leake v. Azinger, 214 Iowa 927, 243 N. W. 196; Thorn-

ton v. Boggs, 213 Iowa 849, 239 N. W. 514; Western Fruit & Produce Co. v. Buzzard et al., 199 Iowa 834, 202 N. W. 759. Our further task, then, is to determine whether the district court in the case at bar abused its discretion in granting the new trial.

On or about November 14, 1930, the appellant G. E. Bruce, who owns the automobile in question, rented that vehicle, together with several others, to the appellant Standard Biscuit Company. According to the contract, the term of the lease was to be at least two years. Under paragraph 4 of the lease it is contemplated by the appellant Bruce that the appellant Standard Biscuit Company would employ drivers and assistant drivers for these vehicles. This lease was in force at the time of the accident above described. As before indicated, the defendant Harry R. Lagerquist was driving a car or truck covered by the lease. Apparently the Standard Biscuit Company sold merchandise in Cedar Rapids and vicinity. Such sales were made by loading the merchandise into the vehicles and permitting the salesmen to operate the vehicle from purchaser to purchaser.

Lagerquist, the defendant, was operating a vehicle containing merchandise of the appellant Standard Biscuit Company at the time the collision in question occurred. He, as a matter of fact, thus had been operating the vehicle and selling the merchandise of the Standard Biscuit Company for at least two weeks before the accident. A man named Hutchinson, it is said, was the agent and salesman for the appellant Standard Biscuit Company in the Cedar Rapids territory. Hutchinson, it seems, arranged for the defendant Lagerquist to operate the vehicle carrying the goods and merchandise belonging to the appellant Standard Biscuit Company. But it is said by the appellants that Lagerquist was driving the vehicle without their consent at the time in question. See McLain v. Armour & Co., 205 Iowa 343, 218 N. W. 69.

Section 5026 of the 1931 Code provides:

"In all cases where damage is done by any car driven by any person under fifteen years of age and in all cases where damage is done by the car, driven by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage."

Supplemental to that section is section 4863 of the same Code. That section provides:

"In all laws of this state regulating motor vehicles, except where otherwise expressly provided: * * * 8. 'Owner' shall include any person having the lawful ownership, use or control, or the right to the use or control, of a motor vehicle, under a lease or otherwise, for a period of ten or more successive days."

When considering section 4863, above quoted, we said, in Robinson v. Bruce Rent-A-Ford Co. et al., 205 Iowa 261, reading on pages 263 and 264, 215 N. W. 724, 725, 61 A. L. R. 851:

"The term 'owner,' as a part of the phraseology of the motor vehicle statutes of this state, was extended beyond its ordinary significance and meaning by chapter 72, Acts of 34th General Assembly, and made to include 'any person, firm, association or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days.' * * * It may be conceded that, ordinarily, in the absence of a statute providing therefor, the bailor of an automobile for hire, who does not furnish the driver, is not liable to third persons for injuries or damages inflicted or caused by the negligent operation thereof by the bailee. * * * Section 5026, Code 1924, is broad, comprehensive, and unequivocal in its terms and meaning. It makes the owner liable for damages to third persons, resulting from the negligent operation of a motor vehicle by any person in possession thereof and operating the same with his consent."

Then on page 265 of the opinion, we further said:

"There can be no question as to the meaning or scope of the language used in section 5026. It cannot be so construed as to relieve the owner from liability for damages caused by the negligent operation of a motor vehicle by another having possession thereof and operating the same with his consent. Nor do we conceive how paragraph 8 of section 4863 of the Code, quoted above, can be construed as in any way affecting or limiting the provisions of section 5026. The obvious purpose of the Legislature in defining the term 'owner' as it appears in the foregoing paragraph of section 4863 was to extend the provisions of section 5026 so as to include persons and corporations not ordinarily comprehended within the ordinary meaning of the word 'owner'."

In other words, in the Robinson case (205 Iowa 261, 215 N. W. 724, 61 A. L. R. 851), supra, we held that the owner of the car is

liable for the negligence of the driver thereof, if the vehicle in fact is driven with his consent. Likewise, it was held in the Robinson case that the lessee of a vehicle for a period more than ten days is liable for the negligence of the driver thereof if, in fact, the driver operated the car with the lessee's consent.

On the one hand, the appellee argues that there is evidence in the record in the case at bar from which a jury would be warranted in finding that Lagerquist drove the car at the time in question with the consent of both the owner, Bruce, and the lessee, Standard Biscuit Company; while, on the other hand, the appellants contend that Lagerquist drove the car without their consent. Officers of the appellant Standard Biscuit Company testified that Hutchinson was their driver and salesman in Cedar Rapids, and not Lagerquist. Hutchinson, it is said, had no authority to hire Lagerquist, or to authorize him to use the car. Lagerquist, these officers say, was not hired by them nor in any other way authorized to represent the Standard Biscuit Company. Likewise, Hutchinson testified that he on his own responsibility hired Lagerquist. At no time, the witnesses for the Standard Biscuit Company testified, did that concern consent to the use of the automobile by Lagerquist.

A determination of the point does not necessarily involve the question whether the defendant Lagerquist at the time in question was an agent for the appellant Standard Biscuit Company. Even if the relationship of agency did not exist between Lagerquist and the Standard Biscuit Company, yet the latter would be liable for the accident if it consented to the use of the car by Lagerquist. Such consent may be proven by direct evidence, by inferences, and by facts and circumstances. Halfpap v. Gruis et al., 199 Iowa 757, 202 N. W. 592; Seleine v. Wisner, 200 Iowa 1389, 206 N. W. 130; Lange v. Bedell, 203 Iowa 1194, 212 N. W. 354; Wolfson v. Jewett Lumber Co., 210 Iowa 244, 227 N. W. 608, 230 N. W. 336. In Lange v. Bedell, 203 Iowa 1194, supra, we said, reading on page 1196, 212 N. W. 354, 355:

"As appellant was the owner of the automobile, it must be assumed that he exercised the ordinary control and incidents of ownership thereover. Presumptively, therefore, as it was in the possession of Leslie, it was being driven with the owner's consent."

When considering the same rule in Halfpap v. Gruis et al., 199 Iowa 757, supra, on pages 759 and 760, 202 N. W. 592, 593, we

approved the following language in Landry v. Oversen, 187 Iowa 284, 174 N. W. 255:

" * * * This, however, is a mere inference that an owner probably is in control of his own property, and is to be given no greater weight than is required to compel the owner to identify those operating the vehicle, and explain by what authority, if not his own, it is being run. * * * The proof of ownership of the automobile at the time of the collision merely makes out, prima facie, that the automobile was being operated for the owner, and to avoid a finding to this effect, there must be some showing to the contrary. The strength of the prima facie showing necessarily depends on the circumstances of each particular case."

If, after such prima facie showing by the appellee, the owner, and the lessee, the appellants in the case at bar went forward with sufficient proof and by undisputed and uncontroverted evidence established the fact that Lagerquist drove the vehicle at the time in question without their consent, then the inference would be overcome. Curry v. Bickley, 196 Iowa 827, 195 N. W. 617; Haevilin v. Wendell, 214 Iowa 844, 241 N. W. 654, 83 A. L. R. 872.

But if the evidence of the appellants in this regard is not undisputed and uncontroverted, then a jury question is presented. See cases above cited. There is no claim here that the defendant Lagerquist exceeded his authority in the use of the car, nor does it appear that he drove the car at a time or in a place not authorized. On the other hand, it is the appellants' claim that Lagerquist drove the vehicle without their consent. Not only is the appellee aided by the inference arising from the fact that Lagerquist was found in the possession and operation of the appellants' car, but also that inference is supported by other facts and circumstances. As a matter of fact, Lagerquist, at the time in question, was returning from making business calls on behalf of the appellant Standard Biscuit Company. Within the vehicle at the time was merchandise of the Standard Biscuit Company. Bruce, the appellant, was collecting, and the Standard Biscuit Company, the appellant, was paying under the contract of lease on the basis of the mileage covered by Lagerquist. Under that contract of lease, Bruce had consented in advance that the vehicle named could be operated for the appellant Standard Biscuit Company by Hutchinson or his assistant Lagerquist, if he were such.

Rouse, the sales manager of the appellant Standard Biscuit Company, testified:

"As sales manager (I) had charge of the organization end of the men in the sales work, and knew of the various men that worked for my company (The Standard Biscuit Company), and had charge of the hiring and discharging employees who sold the products of the company, and I had charge of Cedar Rapids and adjoining territory, and I know who was working for the company about that time in this territory. *I knew Mr. Lagerquist* (the defendant).

"Q. And he had authority to have minor repairs made (on the car he was driving at the time of the accident)? A. *Well, there was quite a distinction there.*

"Q. Yes, if a tire blew out in the road, did he have to call Des Moines on it. A. *He was supposed to change them himself.*

"Q. Well, suppose a tire blew out, he had general authority to arrange for the fixing of that tire, he didn't have to call Des Moines, did he? A. *He was to call Des Moines.* (Des Moines is the headquarters of the Standard Biscuit Co.)

"Q. If the tire had a puncture on the road he had to call Des Moines to get authority to have it fixed? A. *Not to spend a quarter.*

"Q. But fifty cents, he might have to— A. *Fifty cents, perhaps, but nothing perhaps over that.*"

Can it be said in the face of this record that the appellants' evidence was undisputed and uncontroverted to the effect that they did not consent to Lagerquist's use of the vehicle? When the inferences, before mentioned, and the other facts and circumstances, including the examination of the witness Rouse, are considered, it becomes self-evident that the evidence of the appellants does not remain undisputed and uncontroverted. The lease contract and the facts and circumstances tend to rebut the testimony of the appellants. A jury question therefore was presented on the issues arising from the conflicting facts. Clearly, therefore, the district court did not abuse its discretion in granting the appellee a new trial. Wherefore, the judgment of the district court is affirmed.—Affirmed.

ALBERT, C. J., and EVANS, CLAUSSEN, and DONEGAN, JJ., concur.